# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-919V
Filed: October 5, 2017
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KIONA WARREN, | * | |
| | * | |
| Petitioner, | * | |
| | * | Human papillomavirus ("HPV") vaccine; |
| v. | * | Thrombotic thrombocytopenic purpura |
| | * | ("TTP") 10-11 weeks later; petitioner moves |
| SECRETARY OF HEALTH | * | to dismiss; motion to dismiss granted |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On November 21, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that human papillomavirus ("HPV") vaccine administered on September 17, 2010 caused her thrombotic thrombocytopenic purpura ("TTP") and systemic lupus erythematosus ("SLE"). Pet. at ¶¶ 1 and 3.

On September 25, 2015, petitioner filed an amended petition removing her claim of a vaccine-caused SLE, and retaining her claim that HPV caused her TTP. Am. Pet. at ¶ 5.

On October 4, 2017, petitioner filed a Motion for Decision Dismissing Petition, stating

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

that she will be unable to prove she is entitled to compensation, and that to proceed further would waste the resources of the court, respondent, and the Vaccine Program.  Mot. at ¶¶ 1, 2. Petitioner states she intends to elect to file a civil action once judgment on the dismissal decision is entered.  Id. at ¶ 5.

The undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition, and **DISMISSES** the petition.

### Medical Records

On July 19, 2013, petitioner saw Dr. Archana Maini, a hematologist.  Med. recs. Ex. 4, at 6.  The history was that she received HPV vaccine in 2010 [September 17, 2010].  In December 2010, she did not feel well.  Her platelet count was found to be low at 14,000.  Her hemoglobin was also low at 7.  Id.  This record puts onset at 10-11 weeks post-HPV vaccination.

### DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for her HPV vaccination, she would not have had TTP, but also that HPV vaccine was a substantial factor in causing her TTP.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Petitioner moves for a dismissal of her petition.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

**CONCLUSION**

The petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated:  October 5, 2017                                    /s/ Laura D. Millman
                                                               Laura D. Millman
                                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.